UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED INVESTORS LIFE INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAREN CONNER, MICHELLE McLAUGHLIN )<br>a/k/a MICHELLE McLAUGHLIN FARINA, )<br>REBECCA ANGEL a/k/a REBECCA ANGEL )<br>LERNER, RICHARD LOUIS, and CHARLES PIKE )<br>Defendants. ) | Civil Action No.<br><br><br><br>JANUARY 22, 2004 |

## INTERPLEADER COMPLAINT

1. Plaintiff United Investors Life Insurance Company ("UIL") brings this interpleader action to discharge its liabilities with respect to the proceeds of a life insurance policy, the allocation of which is in dispute.

## PARTIES

2. Plaintiff UIL is an insurance carrier incorporated in Missouri with a principal place of business in Birmingham, Alabama. UIL issued life insurance policy number 43-G005866 ("the Policy") to Steven G. Lerner ("Lerner" or "the Policyholder").

3. On information and belief, Defendant Karen Conner ("Connor") is a resident of Tennessee. Connor was named a beneficiary to the Policy.

4. On information and belief, Defendant Michelle McLaughlin a/k/a Michelle McLaughlin Farina ("McLaughlin") is a resident of Massachusetts. McLaughlin was named a beneficiary to the Policy.

5. On information and belief, Defendant Rebecca Angel a/k/a Rebecca Angel Lerner ("Angel") is a resident of Massachusetts. Angel was named a beneficiary to the Policy.

6. On information and belief, Defendant Richard Louis ("Louis") is a resident of New Jersey, and the funeral director of Louis Suburban Chapel, a business enterprise resident in New Jersey. Louis was named a beneficiary to the Policy.

7. On information and belief, Defendant Charles Pike ("Pike") is a resident of Massachusetts. Pike was named a beneficiary to the Policy.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1335, this Court has jurisdiction over this action, because the value of the insurance policy exceeds $500 and two or more claimants are of diverse citizenship.

9. Pursuant to 28 U.S.C. § 1397, venue is proper in this Court, because one or more claimants reside in Massachusetts.

## FACTS

10. On June 14, 2000, UIL issued the Policy to Lerner.

11. The Policy had a face value of $100,000.

12. On February 9, 2003, Lerner died of an apparent suicide.

13. At the time of Lerner's death, pursuant to a beneficiary designation form dated August 6, 2002, the beneficiaries of the Policy were as follows:

- Conner (45% share)
- McLaughlin (30% share)
- Angel (10% share)
- Louis (10% share)
- Pike (5% share)

14. Prior to August 6, 2002, pursuant to beneficiary designation form dated July 7, 2002, the beneficiaries of the Policy were as follows:

- Conner (45% share)
- Angel (45% share)

- "Louis Suburban Chapel- Richard Louis" (10% share)

15. On February 13, 2003, Angel's former attorney wrote to UIL to request a Stop Payment be issued against the distribution of the proceeds of the Policy. The stated reasons for this request were that Lerner was incompetent to amend the Policy's beneficiaries on August 6, 2003, that Lerner had pledged to make Angel the beneficiary of the Policy in security for loans in excess of $80,000, and Lerner owed support for a minor child in Angel's custody.

16. After investigation, including requesting supporting materials from Angel and her attorneys, UIL has been unable to corroborate or refute these allegations.

17. Although Angel has stated that further information concerning medical records of Lerner will be forthcoming, to date UIL has received no such information.

18. By reason of this claim there is doubt as to the which defendants are entitled to share in the policy proceeds and in what amounts.

19. UIL has and claims no interest in the Policy proceed and, simultaneously with the filing of this Complaint, has moved to deposit the proceeds of the Policy plus interest into the registry of the Court.

20. Without a determination by this Court as to whom the proceeds should be paid, UIL is or may be unfairly exposed to liability and costs.

21. UIL has been obligated to employ counsel and incur costs to bring this interpleader action.

WHEREFORE, UIL respectfully seeks the following:

1. An order requiring the defendants to interplead together their claims to any proceeds of the Policy;

3.  An order forever discharging and releasing UIL from all liability, including from this action, with respect to payment of proceeds of the Policy and permanently enjoining the defendants from commencing any other action in any court against UIL regarding the Policy;

4.  UIL's reasonable attorneys' fees and costs in bringing this interpleader action; and

5.  Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

UNITED INVESTORS LIFE INSURANCE COMPANY
By its attorneys,

_____
Stephen B. Hudak III (BBO# 643584)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100

Of Counsel:
Daniel L. FitzMaurice
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100

Dated: January 22, 2004