UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04 10152 PBS

United Investors Life Insurance Company
Plaintiff

v.

Karen Conner, Michelle McLaughlin a/k/a Michelle McLaughlin Farina, Rebecca Angel a/k/a Rebecca Angel Lerner, Richard Louis, and Charles Pike
Defendants

March 2, 2004

### RESPONSE TO PLAINTIFF INTERPLEADER COMPLAINT

Now comes Defendant Charles Pike, appearing Pro Se, submits the following response to Plaintiff complaint. The responses herein are specifically referenced to the numbered paragraphs therein.

1. I object. United Investors Life Insurance Company is attempting to discharge its liabilities with respect to the proceeds of Mr. Lerner's Policy in an attempt to protect itself from a future lawsuit from Rebecca Angel Lerner. While I agree that such a discharge would be in the company's best interests, it would not be in mine.

   Rebecca Angel Lerner disputes that the life insurance policy should be paid as designated in the policy at the time of Steven Lerner's death. Her argument is primarily based on the idea that Mr. Lerner was mentally competent to amend the insurance policy on July 7, 2002, when he added Rebecca Angel Lerner to the policy for the first time, but mentally incompetent one month later on August 6, 2002, when Mr. Lerner lowered the percentage of the policy designated to her. Rebecca Angel Lerner has not provided any proof or documentation to United Investors Life Insurance Company of Mr. Lerner's alleged rapid deterioration from competence to incompetence, nor am I aware of the existence of any such proof. As a result, United Investors Life Insurance Company has an obligation to pay the proceeds of the life insurance policy to the beneficiaries as designated at the time of Mr. Lerner's death.

2. I agree

3. I agree

4. I agree

5. I agree

6. I agree

7. I agree

8. I neither agree nor disagree

9. I neither agree nor disagree

10. I agree

11. I agree

12. I agree

13. I agree

14. I agree

15. I disagree. This item contains the following error: Mr. Lerner amended the policy on August 6, 2002, not on August 6, 2003 as stated in plaintiff's complaint. Also, while I agree that Rebecca Angel Lerner's former attorney wrote United Investors Life Insurance Company to stop the distribution of the proceeds of the Policy, I disagree with the reasons stated for this.

    Mr. Lerner and I were close and lifelong friends. Mr. Lerner was competent when he amended the Policy on August 6, 2002. I have not seen proof and I do not believe any exists showing that Mr. Lerner was incompetent on August 6, 2002. In addition, since the Policy is a contract and not part of Mr. Lerner's estate, whether he pledged security for loans to Rebecca Angel Lerner or owed her support for a minor child is not relevant. In any case, Mr. Lerner did not father a child with Rebecca Angel Lerner, and he never owed her child support.

16. I agree

17. I agree

18. I disagree. Rebecca Angel Lerner's claims are baseless. Rebecca Angel Lerner has not provided evidence of Mr. Lerner's incompetence because none exists. United Investors Life Insurance Company should pay the proceeds of the life insurance policy to the beneficiaries as designated at the time of Mr. Lerner's death.

19. I object. United Investors Life Insurance Company cannot abdicate its obligations under the insurance policy's contract. Part of what Mr. Lerner paid for in purchasing the policy from the company was for them to distribute, upon his death, the proceeds of the policy as he had designated. His final amendment to the Policy's beneficiaries is clear, reasonable, and should be honored.

20. I disagree. The company's contract with Mr. Lerner requires it to pay the proceeds as contracted. There is no valid reason for it not to do so.

21. I object. The provisions of the Policy are clear and there is no credible evidence of incompetence on the part of Mr. Lerner. United Investors Life Insurance Company has not been obligated to bring this Interpleader action, but instead has chosen to do so solely for its own convenience. It is unreasonable for United Investors Life Insurance Company to request attorney's fees, costs, and further relief in bringing this action for which the defendants obtain no benefit.

Wherefore, it is respectfully requested that this honorable Court deny the Plaintiff's Interpleader.

Respectfully submitted,

X _____
Charles C. Pike, Pro Se
186 Grove Street
Lexington, MA 02420
(781)863-8039

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. Mail, first class, postage prepaid, this day to the following:

Ms. Karen Conner
8255 Sturbridge Way Apt. 203
Cordova, TN 38018

Rebecca Angel
c/o Attorney Robert R. White
Levy and White
20 William Street
Lowell, MA 01852

Michelle McLaughlin
18 Milan Avenue
Woburn, MA 01801

Richard Louis
Louis Suburban Jewish Chapel
13-01 Broadway
Fairlawn, NJ 07410

United Investors Life Insurance Company
c/o Attorney Stephen B. Hudak III
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499


X _____
Charles C. Pike