UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04 10152 PBS

United Investors Life Insurance Company
Plaintiff

v.

Karen Connor, Michelle McLaughlin a/k/a Michelle McLaughlin Farino, Rebecca Angel a/k/a Rebecca Angel Lerner, Richard Louis, and Charles Pike
Defendants

March 8, 2004

## RESPONSE TO PLAINTIFF INTERPLEADER COMPLAINT

Now comes Defendant Michelle McLaughlin/Farino, appearing Pro Se, submits the following response to Plaintiff's compliant. The responses herein are specifically referenced to the numbered paragraphs therein.

1. I object to an interpleader action entirely. It is deemed unnecessary by all the beneficiaries except one, Rebecca Angel. She is in dispute with United Investors Life Insurance Company (UIL). She has stated allegations against Steve Lerner's competence and tried to have a lawyer represent her, but he dropped her case once he learned the facts. She wants (UIL) to believe that Steve Lerner was incompetent at the time he changed his policy and that he had a daughter with her. She was given sufficient time to prove her remarks (13 months), but has not been able to do so. This alone should speak for itself to (UIL) as proof the allegations are not true and settle the policy as is. (UIL) wants to protect itself from any liabilities. Understandably, (UIL) should do so from Rebecca Angel and then proceed to settle the policy as directed by Steve Lerner. He determined the proportions that he wanted allocated at the time of his death, not Rebecca Angel as she so desires. There is no need for an interpleader action to determine the policy proceeds. If (UIL) wants to safeguard its liabilities then it should do so with Rebecca Angel and not involve the other beneficiaries to have to engage in an interpleader action against each other when the problem is between (UIL) and Rebecca Angel. (UIL) should not place their burden on the other beneficiaries. Since no proof of her fraudulent allegations exists; (UIL) must pay the proceeds of the life insurance policy to the beneficiaries as designated at the time of Steve Lerner's death.
2. I agree.
3. I agree.
4. I agree.
5. I agree.

6. I agree.
7. I agree.
8. I neither agree nor disagree.
9. I neither agree nor disagree.
10. I agree.
11. I agree.
12. I agree.
13. I agree.
14. I agree.
15. I disagree. This item contains the following error: Steve Lerner amended the policy on 8/6/02, not on 8/6/03 as stated in the plaintiff's complaint. I agree that Rebecca Angel's lawyer wrote (UIL), I disagree with the reasons stated by Rebecca for the stop payment of the policy.

Steve Lerner was competent during the entire summer of 2002 as I was a very close friend of his since our freshman year of college. Rebecca Angel's oral allegations are with out proof. Her former lawyer realized it and dropped her as a client. (UIL) should realize this and act accordingly to distribute the policy as indicated. She is claiming Steve was competent on 7/7/02, but not on 8/6/02. Also during this time Steve contacted (UIL) about a name change form for myself, which he received and returned because he had noticed a spelling error by (UIL) of my name. He was alert to that and he had mentioned to me he was adding me to his life insurance at that time.
  As to the claim that he had a daughter with her is definitely not true. She could easily provide proof in this matter and has not. Since learning of this claim last year; Steve's family has also requested proof and to date none has been provided. The daughter is ~6years old and looks nothing like Steve according to the family. Steve had told me the father of the child was living with Rebecca up until 2/1/02 when Steve moved in shortly thereafter and died on ~2/9/02 as he was still moving things in. Steve refers to problems with Rebecca in his suicide note. Their marriage was a secret and nobody on Steve's side knew. It was not normal in that they never lived together for the few months they were married. They lived in different states. While Rebecca lived with the father of her two children whom Steve said was an alcoholic and was there to watch the little ~6year old daughter. As to the claim that Steve owed her money she would have to prove this, but even so she cannot prove he was to use his life insurance policy as security. It is irrelevant if he owed her money or not; the life insurance policy is a contract to be settled as Steve directed. She is listed in another larger insurance policy as we all are. This should be considered in terms of Steve owing any money. That policy not surprisingly also has problems because Rebecca Angel will not cooperate with the insurance representative and hand over info. they need to settle the policy.
16 .I agree. Therefore the policy should be settled.
17. I agree. Therefore the policy should be settled.

18. I disagree strongly. Rebecca Angel's claims are just that and more than sufficient time has been given to provide proof and none has surfaced because Steve Lerner was not incompetent. Rebecca Angel simply wants more money. There is no doubt that this policy should be settled as the policy dictates.

19. I object. (UIL) must fulfill its obligations under the insurance policy's contract. Part of what Steve Lerner paid for in purchasing the policy from the company was for them to distribute, upon his death, the proceeds of the policy as he had designated. His final amendment to the policy's beneficiaries is clear, reasonable, and should be honored.

20. I disagree. (UIL) does not need the court for an interpleader action. The policy is clear and should be allocated as directed by Steve. There is no reason not to do so. (UIL) should determine the dispute of Rebecca Angel to be heresy since no proof has been shown. (UIL) could ask the court to be free from any liability from the beneficiaries as it distributes the policy as indicated.

21. I object. (UIL) has not been obligated to bring this Interpleader Action before the court. It is only trying to safeguard itself from any liabilities. There is no credible evidence of Rebecca Angel's claims to cause any doubt for (UIL) not to settle the policy as indicated. Therefore lawyer's fees ect. Are not necessary.

1. & 2. statements from pages 3 & 4 are missing from the plaintiff's motion; so they cannot be responded to.
3. I agree that (UIL) should be free from any liabilities, so long as the life insurance policy is allocated as stated on the policy. The courts decision in this area would benefit (UIL). Therefore an interpleader action would not be necessary.

4. & 5. I disagree. Lawyer's fees/further relief is not necessary because the interpleader action can be avoided.

Wherefore, it is respectfully requested that this honorable court deny the plaintiff's interpleader.

Respectfully submitted,

X _____Michelle McLaughlin/Farino_____
Michelle McLaughlin/Farino
18 Milan Ave
Woburn, MA 01801
(781) 935-3542