UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED INVESTORS LIFE INSURANCE COMPANY<br>Plaintiff,<br><br>v.<br><br>KAREN CONNER, MICHELLE McLAUGHLIN a/k/a MICHELLE McLAUGHLIN FARINA, REBECCA ANGEL, a/k/a REBECCA ANGEL LERNER, RICHARD LOUIS and CHARLES PIKE<br>Defendants, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 04-10152-PBS |

## ANSWER OF REBECCA ANGEL, a/k/a, REBECCA ANGEL LERNER

1. Admit.

2. Without knowledge that Plaintiff is an insurance carrier incorporated in Missouri. Admit to part that the Plaintiff issued a life insurance policy (Policy) to Steven G. Lerner.

3. Without knowledge that Defendant Karen Conner is a resident of Tennessee. Admit to the part that Defendant Karen Conner is a named beneficiary to the Policy on both the July 7, 2002 and August 6, 2002 change of beneficiary designations.

4. Without knowledge that Defendant Michelle McLaughlin, a/k/a Michelle McLaughlin Farina is a resident of Massachusetts. Denies that Michelle McLaughlin is a named beneficiary of the Policy.

5. Admit, and the Defendant Rebecca Angel Lerner further states that she had a long term relationship with the Policy Holder, Steven Lerner, and that this relationship produced one daughter, Elizabeth, age 6. The Defendant Rebecca Angel Lerner further states that she and Steven Lerner were married in West Hartford, Connecticut on August 16, 2002.

6. Admit.

7. Admit.

8. Admit.

9. Admit

10. Admit

11. Admit

12. Admit.

13. Deny.

14. Admit.

15. Admit.

16. Without knowledge thereof.

17. Deny.

18. Admit.

19. Admit.

20. Without knowledge thereof.

21. Without knowledge thereof.

### Steven Lerner's lack of capacity

22. The Defendant, Rebecca Angel Lerner states that Steven Lerner was mentally ill when he made a change of beneficiary designation on August 6, 2002, and that he lacked significant capacity to affect a change in naming beneficiaries to his life insurance policy.

23. The Defendant, Rebecca Angel Lerner states that the beneficiary, Michelle McLaughlin, a.k.a. Michelle McLaughlin Farina, named above in paragraph 4, was not an intended beneficiary of Steven Lerner. Steven Lerner, not being of sound mind, intended to set aside $30,000 from the above described insurance policy, to perpetually care for his three pet rabbits. Elizabeth Lerner, daughter of Steven Lerner, described paragraph 5 above, took possession of the rabbits as a gift from her father before he took his life, thus voiding any such agreement or covenant between Steven Lerner and Michelle McLaughlin, a.k.a Michelle McLaughlin Farina for the perpetual care of the rabbits.

24. The Defendant, Charles Pike, named in paragraph 7, was an unintended named beneficiary of Steven Lerner. Pike lent Steven Lerner approximately $2500 towards the burial expenses of Steven Lerner's brother, Robert Lerner. Pike put Lerner under duress to repay the loan. Pike harassed Steven Lerner, knowing that he was not of sound mind, to name him as a beneficiary to his life insurance policy with a 5% share.

25. The Defendant, Rebecca Angel Lerner, so states that she and Steven Lerner entered into an oral contract. The terms of consideration of this contract were that she would pay for his care and maintenance while in law school while Steven Lerner, in turn, would name Rebecca Angel Lerner as a sole beneficiary of his life insurance policy. Steven Lerner partially performed the terms of this contract when he made the July 7, 2002 beneficiary policy change. The Defendant, Rebecca Angel Lerner, fully performed and paid Steven Lerner approximately $80,000.00 towards his care and maintenance while attending law school.

### Affirmative Defenses

26. The Defendant, Rebecca Angel Lerner, so states that under the facts described in paragraphs 22 and 23 above, Michelle McLaughlin a/k/a Michelle McLaughlin Farina should be barred from collecting a 30% share of the Policy because of Unjust Enrichment and because of Failure of Consideration.

27. The Defendant, Rebecca Angel Lerner, so states under the facts described in paragraph 24 above, that Charles Pike should be barred from collecting any funds from this Policy because of the of Unjust Enrichment and Failure of Consideration, and because his claims are against Steven Lerner's estate.

28. The Defendant, Rebecca Angel Lerner, so states under the facts described in paragraph 25 above that Defendant Karen Conner should be barred from collecting any funds from this Policy because of Unjust Enrichment and Failure of Consideration.

WHEREFORE, The Defendant Rebecca Angel Lerner prays:

    a. That this honorable Court grant her legal and equitable relief reflecting her pleadings above;

    b. That **She be granted a Jury Trial**, if the Parties can not amiably come to an agreement;

    c. That she be granted all other legal and equitable relief that this Honorable Court has the power to grant.

GEORGE H. MURPHY

*George H. Murphy*

Attorney for the Defendant
Rebecca Angel Lerner
1807 Bridge St. Unit 3
Dracut, MA 01826
(978) 937-0233
BBO 635294

May 18, 2004

1 Exhibit

Marriage License

## CERTIFICATE OF SERVICE

I, George H. Murphy, do hereby certify that on this day I served 1 copy of the within document, first class mail upon the following:

Stephen B. Hudak III
Day, Berry & Howard, LLP
City Place 1
Hartford, CT 06103-3499

Charles C. Pike
186 Grove St.
Lexington, MA 02420

Karen Conner
8255 Sturbridge Way, Apt 203
Cordova, TN 38018

Michelle McLaughlin Farina
18 Milan Ave.
Woburn, MA 01801

Richard Louis
Louis Suburban Jewish Chapel
13-01 Broadway
Fairlawn, NJ, 07401

George H. Murphy, Esquire
1807 Bridge Street, Unit 3
Dracut, MA 01826
(978) 937-0233

Date 5/15/04